JOHN JOSIAS HANSON vs. SAMUEL P. M. HANSON AND OTHERS.—*June* 1846.

*H.* devised an estate in land to his wife and daughters, for life, with remainder in fee to his son *S.*; and in the next clause of his will, gave to his son *J.* a sum of money, to be paid to him by *S.* in five annual instalments, "the first payment to be made at the end of the first year after he gets possession of the plantation." The devisees for life having died, some of the heirs at law of *S.*, and the heirs of *J.*, filed a bill, praying a sale of the land, and the proceeds thereof to be distributed among the parties severally entitled thereto. HELD : that the legacy when due, was payable to the executors, or administrators, of *J.*, and the bill must be filed by them.

The bill could not be filed until the first payment was due, viz., the end of the first year after the devisee in fee got possession.

It would be no defence to such a bill to object, that before a sale can be made, the estate should be divided among the heirs of the devisor; or if incapable of division, that the heir entitled should have a right to elect.

APPEAL from the Equity side of *Charles* county court.

On the 14th March 1843, *S. P. M. Hanson, P. D. G. Hedgeman,* next friend of *Samuel Adams,* a minor, *William H. Brawner,* next friend of his minor children, &c., filed their bill, alleging, that *Samuel Hanson, Sen.,* died sometime in the year 1817, having first executed his last will and testament, by which the said *Samuel Hanson, Sen.,* devised to his two daughters, *Margaret Beall* and *Charity Hanson,* for and during their natural lives, a certain tract or parcel of land lying in *Charles* county, called and known by the name of "*Hanson Hill;*" and after the death of said *Margaret Beall* and *Charity Hanson,* the said devisor devised said real estate to his son, *Dr. Samuel Hanson,* charging the said real estate with the payment of $1250, by his son, *Dr. Samuel Hanson,* to his son, *John Hanson;* that *Dr. Samuel Hanson* died, leaving the following heirs and representatives, to wit : *Samuel, Thomas M., William, John Josias, Eliza,* who had intermarried with a certain *Francis Adams, Charlotte* and *Maria. Samuel* has died, leaving as his heirs and representatives, one of your complainants, *Samuel Hanson,* and *Mary,* who intermarried with your complainant, *Wm. H. Brawner,* and is now dead, leaving two children, both minors, to wit : *John James* and *Mary E. C. Brawner; Eliza* has died, leaving

one child, to wit: *Samuel Adams*, a minor.   The remainder
of the children of *Dr. Samuel Hanson*, heretofore named, are
yet alive, and all of lawful age; that *John B. Hanson* died
intestate, leaving the following heirs and representatives, to
wit: *Elizabeth*, who has intermarried with *Thomas M. Han-
son*, *Drucilla P. Hanson*, who has intermarried with *William
Hanson*, and *Samuel P. M. Hanson*, one of your complain-
ants, all of lawful age.   That since the deaths of said *Dr.
Samuel Hanson* and the said *John Hanson*, the two devisees
for life, (to wit: *Margaret Beall* and *Charity Hanson*,) of
said real estate, called *"Hanson Hill,"* have both died, the
last named, to wit: *Charity Hanson*, sometime during the
year 1842.   Prayer, for a decree for the sale of said real estate,
the proceeds arising therefrom to be distributed among the par-
ties severally entitled thereto ; and that your honors will order
*subpœnas* to issue, commanding said *Thomas M. Hanson,
William Hanson*, &c., and for other and further relief.

With this bill the complainants exhibited the will of *Samuel
Hanson, Sen.*, dated 29th September 1817, which contained,
among others, the following clauses :

"I leave and bequeath to my dear and well beloved wife,
*Sarah Hanson*, and my two daughters, *Margaret B. Beall*
and *Charity F. N. Hanson*, the use of my dwelling plan-
tation, for and during the term they may remain unmar-
ried."

"*Item*.—I leave and bequeath unto my son, *Samuel Han-
son*, and his heirs and assigns, forever, my dwelling plantation,
after the death or marriage of my said wife and daughters;
also my watch."

"*Item*.—I leave and bequeath unto my son, *John B. Han-
son*, $1250, to be paid him by my son *Samuel* in five annual
payments, the first payment to be made at the end of the first
year after he gets possession of said plantation."

The will then devised a variety of personal property, slaves,
&c., to his wife and children, by name, &c.

"*Item*.—My will and pleasure is, that at the death of my
wife, *Sarah Hanson*, all the property which I have bequeathed
to her shall be divided equally between my four daughters,

namely, *Margaret B. Beall, Mary Fivall Cawood, E. B. McPherson* and *Charity F. N. Hanson.*"

"*Item.*—I leave and bequeath unto my three grandsons, *Samuel Hanson, Thomas Marshall Hanson* and *William Hanson,* one tract or parcel of land lying in *Nanjemony,* binding on the *Potomac,* on which is a herring fishery, called and known by the name of *Going near in fee simple.*"

The defendants, *Thomas M., William, John Josias* and *Charlotte Hanson, Elizabeth,* the wife of *Thomas M. Hanson, Drucilla P.,* wife of *William Hanson,* answered the bill, the only material part of which is referred to in the opinion of this court, and is therefore not set forth here.

On the 1st November 1844, the county court, (C. DORSEY, A. J.,) decreed a sale of the real estate, in the proceedings mentioned, in the usual form.

From that decree *John Josias Hanson* appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By REEDER for the appellant.
By J. JOHNSON for the appellees.

MAGRUDER, J., delivered the opinion of this court.

*Samuel Hanson, senior,* by his will, dated 29th September 1817, after devising to his wife and two daughters, for life, the land in the proceedings mentioned, gave the same, in fee, to his son *Samuel;* and in the next clause, gives to his son, *John B. Hanson,* twelve hundred and fifty dollars, to be paid him "by my son *Samuel,* in five annual payments, the first payment to be made at the end of the first year, after he gets possession of the plantation." The devisees, for life, are dead, and no part of the said legacy being paid, this bill is filed by some of the heirs of *Samuel,* (the devisee in fee,) and heirs of *John B. Hanson,* to whom the twelve hundred and fifty dollars are given, asking for a sale of the land, "and the proceeds arising therefrom to be distributed among the parties severally entitled thereto." The defendants, in their answer, say, that before a sale can be made, the estate should be divided among the heirs of *Samuel,* or if incapable of division, the heir entitled

should have a right to elect; and it is insisted, that no one could make payment of the legacy until an election.

If this was the only objection to the relief which was prayed, it would not hinder an affirmance of the decree ; but there are objections to any relief being afforded in this case, and the mention of which, will enable the persons entitled to claim the legacy, to proceed correctly, if in order to recover the money given to *John B. Hanson,* it should be necessary to file another bill of complaint. The money, when due, is payable to the executors or administrators of the legatee, and the bill must be filed by them.

Another objection to the decree, which will be noticed, is, that it does not appear, that the first payment which is to be made, was due at the time that this bill of complaint was filed. The first payment was to be made at the end of the first year, after he, (the devisee in fee,) gets possession of said plantation. The bill, filed on the 14th March 1843, alleges, that one of the devisees for life died, "sometime during the year 1842." The defendants, in their answer, insist, that the money is not due till "late next fall; the tenant for life, *Miss Charity Hanson,* not having departed this life till the fall of 1842," and there is no testimony in the case.

For these reasons, if there be none others, the decree must be reversed, with costs, and the bill dismissed.

DECREE REVERSED AND BILL DISMISSED.